JULIA L. COCK & WM. COCK *vs.* N. G. & M. E. BLALOCK.

A promissory note for the payment of a given sum of money at a fixed time, made payable in wheat at a given price per bushel, at a place stated, is payable in money or wheat at the election of the maker.

The rulings and findings of the lower court approved.

Appeal from First Judicial District holding terms at Walla Walla.

*A. E .Isham* for appellants.

*N. T. Caton* for appellees.

Opinion by WINGARD, Associate Justice.

The amended complaint of the plaintiffs in the court below is as follows:

The plaintiffs complain and allege in this their amended complaint:

1.   That they were, at the times hereinafter stated and now are, husband and wife.

2.   That on the second day of October, 1876, at Walla Walla city, Washington Territory, the defendant made his certain instruments in writing, bearing date on that day, in the following words and figures, to wit:

$1,250.                    WALLA WALLA, W. T., Oct. 2, 1876.

On or before the 1st. day of October, 1877, for value received, I promise to pay Mrs. Julia L. Cock twelve hundred and fifty dollars, U. S. gold coin, to be paid in good merchantable wheat, at fifty cents per bushel, delivered at the depot of W. W. & C. R. R. in good shipping order, Mrs. Julia L. Cock to furnish the necessary number of sacks when called on.   This note is to bear interest at the rate of ten per cent. per annum in like U. S. gold coin, payable in wheat, at the rate of fifty cents per bushel.       (Signed),

N. G. BLALOCK.

$1,250.                    WALLA WALLA, W. T., Oct. 2, 1876.

On or before the first day of October, 1878, for value re-

ceived, I promise to pay to Mrs. Julia L. Cock twelve hundred and fifty dollars, U. S. gold coin, to be paid in good merchantable wheat, at fifty cents per bushel, delivered at the depot of the W. W. & C. R. R. in good shipping order, Julia L. Cock to furnish the necessary number of sacks when called on. This note is to bear interest at the rate of ten per cent. per annum, in like U. S. gold coin, payable in wheat at the rate of fifty cents per bushel. (Signed),

N. G. BLALOCK.

That the said defendants to secure the conditions of said instruments of writing, according to the terms thereof, did execute under their hands and seals and deliver to the said plaintiff a certain mortgage, bearing date the second day of October, 1876, and conditioned for the delivery of 2750 bushels of wheat on the first day of October, 1877, and 250 bushels on the second day of October, 1877, and 2750 bushels on the first day of October, 1878, as more fully appears in said instruments in writing above set out, which said mortgage was duly acknowledged and certified so as to entitle it to be recorded, and the same was on the 11th day of October, 1876, duly recorded in the recorder's office of Walla Walla county, Washington Territory, in book "E" of mortgages, page 781, a copy of which said mortgage with the endorsements thereon, is hereto annexed, marked Exhibit "A," and made a part of this complaint.

4. That none of the conditions contained in any of said instruments have been complied with by the defendants, although the plaintiffs demanded on the 1st day of October, 1877, the delivery of the wheat according to the conditions of the first instrument herein set out, and on the second day of October, 1877, demanded the delivery of the wheat according to the conditions of the second instrument herein set out, but the defendants wholly failed, neglected and refused to comply with any of the conditions of said instruments of writing.

5. That the plaintiffs ever have been ready and willing to comply with and fulfill all of the conditions of said instruments in writing on their part when called on.

6. That on the first and second day of October, 1877,

71

aforesaid, wheat delivered at the Walla Walla & Columbia River Railroad, in Walla Walla city, Washington Territory, the place where said wheat was to be delivered, was worth seventy-five cents, U. S. gold coin, per bushel, and that by reason of the defendants' non-delivery of said wheat, according to conditions of said instruments in writing, the plaintiffs are damaged in the sum of $4,125, U. S. gold coin, the same being the amount which is and was due from defendants to plaintiff, on and after the second day of October, 1877.

7.   That on, or about Aug. 11, 1877, defendants offered to deliver at the W. W. & C. R. R. Co. depot, in Walla Walla, W. T., 2750 bushels of wheat within three weeks time from that date, in payment of the aforesaid first note, and notified plaintiff to be ready to deliver the sacks, to sack said wheat when called for by defendants, within said time.   Plaintiffs accepted said offer, and were, at all times, ready to furnish said sacks, and in faith that said defendants would deliver said wheat as per offer, plaintiffs contracted said wheat to third parties, but defendants failed to deliver said wheat, or any part thereof, and plaintiffs aver that defendants are now estopped from paying said note in money or anything else but wheat.

8.   That there is due from defendants to plaintiffs, according to the condition of said mortgage, four per cent. attorney's fee, which amounts to $165.

Wherefore, the plaintiffs pray judgment against defendants.

1.   For the sum of $4,125 U. S. gold coin, and $165 attorney's fees, with interest at the rate of ten per cent. per annum, from the second day of October, 1877, until paid, and for costs of suit.

2.   That the usual decree may be made for the sale of the said premises, by the sheriff of said county, according to the law and the practice of this court, that the proceeds of said sale may be applied in payment of the amount due to the plaintiffs, and that said defendants, and all persons claiming under them, subsequent to the execution of said mortgage upon said premises, either as purchasers, encumbrancers, or otherwise, may be

barred and foreclosed of all right, claim, or equity of redemption, in said premises and every part thereof, and that the said plaintiffs may have judgment and execution against the said defendants for any deficiency that may remain, after applying all the proceeds of the sale of said premises, properly applicable, to the satisfaction of said judgment.

3. That the plaintiffs, or any other parties to the suit, may become purchasers at said sale, that the sheriff execute a deed to the purchasers, that the said purchasers be let into possession of the premises, and that the plaintiffs may have such other and further relief in the premises, as to this court may seem meet and equitable.

(Signed),   A. E. ISHAM,
*Plaintiff's Attorney.*

The following is a copy of the mortgage:

### Exhibit "A."

This indenture, made the second day of October, in the year of our Lord one thousand eight hundred and seventy-six, between N. G. Blalock and M. E. Blalock, his wife, parties of the first part, and Julia L. Cock, the party of the second part, witnesseth that the said parties of the first part, for, and in consideration of, the sum of twenty-five hundred dollars gold coin of the United States of America, to them in hand paid, do grant, bargain, sell, convey, and confirm unto the said party of the second part, and to her heirs and assigns forever, all that certain piece or parcel of land situated in the county of Walla Walla, Washington Territory, bounded and described as follows: S. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of Section No. 26, and the N. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ of Section No. 35, in Township No. seven North, of Range No. 35 East, containing one hundred and sixty acres, less between six and seven acres heretofore deeded to the Walla Walla & C. R. R. Co., by the party of the second part.

Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging, or in any wise appertaining.

This conveyance is intended as a mortgage to secure pay-

ment of two certain promissory notes, bearing even date here-with, for the sum of $1250 each, in U. S. gold coin, payable in wheat at 50 cents per bushel. The first, due on or before the first day of October, 1877, at ten per cent. per annum, interest payable in like kind, and the second, due on or before October 1st, 1878, with like interest. And these presents shall be void, if payment be made according to the tenor and effect thereof; but in case default be made, in the payment of the principal or interest, as in said notes provided, then, the said parties of the second part, their executors, administrators and assigns, are hereby empowered to sell the said premises, with all and ev-ery of the appurtenances, or any part thereof, in the manner prescribed by law; and out of the moneys arising from such sale, to retain the said principal and interest, together with the costs and charges of making such sale, and four per cent. for attorney's fees, and the overplus, if any there be, shall be paid by the party making such sale, on demand, to the parties of the second part, their heirs and assigns.

In witness whereof the said parties of the first part have hereunto set their hands and seals the day and year first above written.                    (Signed) N. G. BLALOCK,
                           (Signed) M. E. BLALOCK.

   Signed and sealed in presence of
      A. E. Isham,
      J. D. Laman.

An answer and reply were filed and the issues made up.

A motion to strike out parts of the amended complaint was sustained, to wit, the last clause of the seventh paragraph, " and plaintiffs aver that defendants are now estopped from pay-ing said note in money or anything else but wheat."

Also the first clause of paragraph sixth, (erroneously num-bered seventh) beginning at the words " that on the first and second day of October," etc., and ending with the words " sev-enty-five cents U. S. gold coin per bushel," which ruling was excepted to, and exception allowed.

The court found the following facts and conclusions of law:

1. That defendants duly executed the two notes and mortgage in plaintiffs' amended complaint set forth.

2. That there was due from defendants to plaintiffs on the first day of October, 1877, the sum of $1375.00 gold coin, or its equivalent in good merchantable wheat at 50 cents per bushel.

3. That on said first day of October, 1877, the defendants tendered to plaintiffs the sum of $1375.00 in U. S. gold coin, which plaintiffs refused to accept, and that the defendants have kept their tender good by deposit of said sum in court and that the same is now in court.

4. That the eighth (7th?) allegation in plaintiffs' amended complaint being an affirmative allegation is not sustained by a preponderance of evidence and is not therefore established.

As conclusions of law from the foregoing facts the court finds as follows:

1. That the plaintiffs are entitled to judgment for the sum of $1375.00 U. S. gold coin, and no more, except the sum of $10.00, being one half of the allowance to the reporter appointed to take the testimony in this case.

2. That the defendants are entitled to judgment for their costs and disbursements in this action, including the sum of $10.00, being one-half of the allowance to the reporter.

3. That neither principal nor interest is due on the second note in plaintiffs' amended complaint set out.

4. That defendants had the right of election, down to the first day of October, 1877, to pay the first note which then became due, either in U. S. gold coin, or in good merchantable wheat at 50 cents per bushel.

Judgment having been duly entered in the court below, the rulings of said court and the findings of fact and of law were assigned for error.

The main question in the case is, what construction should be put upon the contract of the parties? Was it a contract for the delivery of goods, which could only be paid in wheat, or had the defendants the right of election to pay in gold coin or

in wheat at the stipulated price? Upon such cases there has been a conflict of authority which it would not be profitable to review here.

We are of opinion that in this case the defendants had the right of election.

We see no error in any of the rulings or findings of fact or of law in the court below, or in the judgment of said court. We think the tender was clearly proven—the full amount in gold coin was offered to the plaintiffs—the amount was stated—the money was in a bag; an offer was made to count it—it was placed upon the bureau in the presence of plaintiffs—but they absolutely refused to take the money saying they would only take wheat. Greenleaf on Ev., vol. 2, Sections 602–603.

The judgment of the court below is affirmed with costs in favor of the defendants appellees.